JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order, filed June 8, 2009, dismissing the case without prejudice, be affirmed. The district court correctly held that appellant alleged no conduct by a state actor within the purview of 42 U.S.C. § 1983, as appellant concedes on appeal. Furthermore, appellant alleged no jurisdictional or statutory basis for his claims of violation of his “civil rights.” To the extent appellant may have been attempting to state tort claims grounded in diversity jurisdiction, he failed to allege complete diversity of citizenship of the parties, or otherwise establish the court’s jurisdiction under 28 U.S.C. § 1332(a). See Fed.R.Civ.P. 8(a) (complaint must set forth “a short and plain statement of the grounds for the court’s jurisdiction”); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 (D.C.Cir.1983) (“the party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action”).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.